SAMUEL H. PALMER, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Memorandum — when a witness may use it and testify from it.*

WRIT OF ERROR to the Court of Sessions of Dutchess county to review the conviction and sentence of the plaintiff in error for forgery. The offence, as charged, consisted in altering a real and genuine note, made by the plaintiff in error for $300, and dated November 8, 1877, to November 8, 1878. The note was made to the order of John C. Payne, and indorsed by him and by one George W. Lamb. The claim made by those indorsers was, that they indorsed the note November 8, 1877, payable in two months, to take up another claim against the same parties, which was to mature that day. The amount of this claim was $480. The claim of the accused was, that the note alleged to have been forged was given him long afterwards, with the date not filled up, to be used, as was customary, between the parties for any purpose that he saw fit in paying notes and claims in which all the parties were interested, and that he did pay, or secure, such a debt with one Dr. Stillman. Lamb, one of the indorsers, on his examination, testified as follows, as appears from the case :

Q. When did you indorse that note ? [Witness refers to a memorandum. If you have any memorandum you may use it to refresh your recollection.]

A. It refers to a payment. [The defendant objects to the witness referring to a memorandum, unless it was made at the time. Objection overruled, and defendants except.]

A. It was indorsed to take up a note of $480.

Q. When was that note indorsed ? [Same objection, ruling and exception.]

A. November 8, 1877.

Q. Who handed you this note when you indorsed it ?

A. Samuel H. Palmer.

Q. For what purpose did you indorse that note ?

A. To take up $480 note at Merchants' Bank, in this city.

Q. When was that $480 note due; when did it fall due?
[Witness again refers to said paper. Same objection to referring
to the memorandum. The defendant desires to cross-examine the
witness in regard to that memorandum. Counsel for the People
objects to that. Testimony allowed, and defendant excepts.]

A. It fell due the fifth of November. [Upon cross-examina-
tion the witness testified, that he could not testify to the dates
without referring to this memorandum, and gives this further
account of what this memorandum was.]

Q. Where is that record?

A. Mr. Payne has got it.

Q. Have you got it?

A. No, sir; I don't know; I have it in my pocket home.

Q. Did you keep the record?

A. No, sir; I didn't keep it at the time.

Q. Then you are swearing to the date of the note from the
record kept by Mr. Payne?

A. Yes; he kept the record for me.

The court, at General Term, said: " We think it was improper
to permit the witness to testify from this memorandum. A memo-
randum may be read in evidence, if made at the time and by the
witness who made them. (*Halsey* v. *Sinsebaugh*, 15 N. Y., 487.)
It is competent to read an entry made by a witness, or a witness
may use one made by another, if he can testify then from recol-
lection the fact to which the entry relates; he cannot refer to an
entry not original, or to one not made at or near the time.
(*Marcly* v. *Shults*, 29 N. Y., 346; *Guy* v. *Mead*, 22 id., 462;
*Russell* v. *Hudson River R. R.*, 17 id., 134; *Odell* v. *Montross*,
68 id., 499.) The fact that the memorandum was made by the
witness should be proven with a degree of certainty which leaves
no room for doubt. (*Gilchrist* v. *Brooklyn Grocers' Association*,
59 N. Y., 499.) The same case holds, that it is improper to speak
from a memorandum, whether it was formally offered in evidence
or not, if its competency was challenged and the witness was per-
mitted to testify from an improper memorandum.

" The conviction should be reversed and a new trial granted in
the Sessions, to which court the proceedings are remitted."

*Dan. W. Guernsey* and *John Hackett*, for the plaintiff in error.

*William R. Woodin*, district attorney, and *W. I. Thorn*, for the People.

Opinion by BARNARD, P. J.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.
Conviction reversed, and case remitted to Sessions.